1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PUGET SOUNDKEEPER ALLIANCE,

Plaintiff,

v.

APM TERMINALS TACOMA, LLC,

Defendant.

CASE NO. C17-5016 BHS

ORDER GRANTING
DEFENDANT'S MOTION TO
STAY

This matter comes before the Court on Defendant APM Terminals Tacoma, LLC's

("APM") motion to stay litigation (Dkt. 14). The Court has considered the pleadings filed

in support of and in opposition to the motion and the remainder of the file and hereby

grants the motion for the reasons stated herein.

## I.    PROCEDURAL HISTORY

On January 9, 2017, Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") filed a

complaint against APM seeking "a declaratory judgment, injunctive relief, the imposition

of civil penalties, and the award of costs, including attorneys' and expert witness fees, for

[APM's] repeated and ongoing violations" of the Clean Water Act ("CWA").  Dkt. 1.

On April 4, 2017, APM filed the instant motion requesting a stay of the proceeding pending resolution of a related and previously filed proceeding before the Washington Pollution Control Hearings Board ("PCHB"). Dkt. 14. On April 17, 2017, Soundkeeper responded. Dkt. 16. On April 21, 2017, APM replied. Dkt. 19.

## II.    DISCUSSION

A district court has the discretionary power to stay its proceedings. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("A trial court may . . . find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). This is best accomplished by the court's "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

When considering a motion to stay, the court weighs a series of competing interests: (1) the possible damage that may result from the granting of the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *see also Lockyer*, 398 F.3d at 1109. As the Ninth Circuit has noted, "*Landis* cautions that 'if there

1 is even a fair possibility that the stay . . . will work damage to someone else,' the party

2 seeking the stay 'must make out a clear case of hardship or inequity.'" *Lockyer*, 398 F.3d

3 at 1112 (quoting *Landis*, 299 U.S. at 255).

4     In this case, the Court concludes that a stay is warranted. APM has shown that the

5 PCHB case is relevant to the instant litigation and that its resolution may resolve key

6 issues in this case. Although Soundkeeper argues that its interests would be harmed by a

7 stay because APM would continue to illegally dump pollutants into the relevant

8 waterways during the stay, the PCHB case deals directly with APM's permits regarding

9 the appropriate level of pollutants that APM may discharge. Thus, Soundkeeper is

10 harmed only if APM is exceeding its permitted amount of discharges, which are issues

11 before the PCHB. Finally, APM faces the hardship of unnecessary discovery and

12 litigation if this proceeding is not stayed.

13 ## III.   ORDER

14     Therefore, it is hereby **ORDERED** that APM's motion to stay litigation (Dkt. 14) is

15 **GRANTED**. Either party shall move to lift the stay when the PCHB renders a decision.

16 The Clerk shall remove this matter from the active caseload and administratively close it.

17     Dated this 16th day of May, 2017.

18

19

20 BENJAMIN H. SETTLE
United States District Judge

21

22