|   |   |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>APM TERMINALS TACOMA LLC,<br><br>Defendant. | CASE NO. C17-5016 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO DISMISS AS MOOT |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the Court on Plaintiff Puget Soundkeeper Alliance's ("PSA") motion for leave to file a second amended complaint, filed on September 25, 2017. Dkt. 46. Also stayed before the Court are (1) PSA's motion for partial summary judgment, (2) APM Terminals Tacoma LLC's ("APMT") motion to dismiss, and (3) APMT's motion to supplement the partial summary judgment record. Dkts. 33, 49, 67. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion for leave to amend for the reasons stated herein. The Court also denies without prejudice the remaining motions.

## I. BACKGROUND

On January 9, 2017, PSA commenced this action by filing its complaint against APMT. Dkt. 1. On February 21, 2017, PSA filed an amended complaint as a matter of course. Dkt. 11. On March 13, 2017, APMT filed its answer. Dkt. 12.

On May 16, 2017, the Court entered a temporary stay pending the resolution of proceedings before the Washington Pollution Control Hearings Board ("PCHB")

ORDER - 1

regarding APMT's permits and the appropriate level of pollutants that APMT may discharge. Dkt. 23. On August 9, 2017, the Court lifted the stay after the PCHB rendered its decision. Dkt. 30.

Subsequently, the parties filed and briefed the following motions:

**A.    PSA's Motion for Partial Summary Judgment**

On September 7, 2017, PSA filed its motion for partial summary judgment. Dkt. 33. On October 2, 2017, APMT responded to PSA's motion for partial summary judgment. Dkt. 52. On October 6, 2017, PSA replied. Dkt. 57. On October 11, 2017, APMT filed a surreply and request to strike information in PSA's reply. Dkt. 62.

On October 17, 2017, APMT moved to supplement the record for consideration of Plaintiff's motion for partial summary judgment. Dkt. 67. On October 18, 2017, PSA responded to APMT's motion to supplement. Dkt. 69.

**B.    PSA's Motion for Leave to File a Second Amended Complaint**

On September 25, 2017, PSA filed a motion for leave to file a second amended complaint. Dkt. 46. On October 10, 2017 Defendant APMT responded to PSA's motion for leave to file a second amended complaint. Dkt. 59. On October 13, 2017, PSA replied. Dkt. 63.

**C.    APMT's Motion to Dismiss**

On September 28, 2017, APMT filed its motion to dismiss the first amended complaint. Dkt. 49. On October 18, 2017, PSA responded to APMT's motion to dismiss. Dkt. 65. On October 20, 2017, APMT replied. Dkt. 70.

### D. Stipulated Motion to Stay

On November 17, 2017, in order to enable settlement discussions, APMT and PSA filed a stipulated motion to stay the motion for partial summary judgment and the motion to dismiss. Dkt. 72. On November 20, 2017, the Court granted the stipulated motion, staying the motion for partial summary judgment and the motion to dismiss until February 16, 2018. Dkt. 73.

## II. DISCUSSION

Leave to amend an initial pleading may be allowed by leave of the Court and "shall freely be given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Granting leave to amend rests in the discretion of the trial court. *Internat'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). In determining whether amendment is appropriate, the Court considers five potential factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether there has been previous amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). The Court's decision is guided by the established practice of permitting amendments with "extreme liberality" in order to further the policy of reaching merit-based decisions. *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In light of this policy, the nonmoving party generally bears the burden of showing why leave to amend should be denied. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

In this instance, PSA seeks leave to amend in order to add the Port of Tacoma as a defendant. *See* Dkt. 46-1. PSA also seeks to makes some changes so that its pleadings

will conform to additional evidence, such as the termination of APMT's permit coverage on October 2, 2017. *See* Dkt. 63 at 3–4. APMT has opposed the proposed amended complaint, arguing that it would suffer prejudice if leave is granted and that the proposed amendment is futile. *See* Dkt. 59. To support their argument claiming prejudice, APMT claims that allowing PSA to add the Port as a defendant would likely require further deposition of their Rule 30(b)(6) deponent. While this may be the case, the Court does not see how further deposition would result in prejudice. The previous deposition regarding the alleged CW violations is still available and, should APMT file the appropriate motion, there is no reason why any further deposition could not be limited to inquiry into new allegations or the relationship between APMT, the Port of Tacoma, and the subject facility. *See* Fed. R. Civ. P. 26(c)(1)(D).

Additionally, the Court will not deny the proposed amendment based on APMT's futility arguments. These arguments are either similar or identical to the arguments that APMT has raised in its motion to dismiss and its opposition to summary judgment. *See* Dkts. 49, 52, 59. Should the Court deny the proposed amendment based on APMT's arguments of futility, the Court would undermine its previous order granting the parties' stipulated request for a stay and therefore likely destroy the parties' attempts to reach an agreeable settlement. *See* Dkts. 72, 73. Moreover, these arguments regarding notice and mootness are best reserved for dispositive motions, such as those which have been stayed. Accordingly, the Court will not deny the motion for leave to amend based on futility.

Notably, the allegations in the proposed amended complaint are nearly identical to the presently operative amended complaint, meaning that the substance of the parties' arguments therein is not affected by granting leave to amend. Nonetheless, granting leave to amend does mean that the parties' stayed motions will be predicated on inoperative pleadings once the second amended complaint is filed. Accordingly, the Court finds it expedient that the stayed motions should be denied without prejudice as moot. This will allow the parties to continue their settlement negotiations without any material change in their current bargaining positions. Additionally, should the settlement negotiations fail, denying the motions without prejudice will afford the parties an opportunity to once again raise their arguments and motions, but in a more organized manner. *See* W.D. Wash. Local Rules LCR 7(k) (encouraging parties to agree on a stipulated briefing schedule, which may include increased page limits, for deciding cross motions).

### III. ORDER

Therefore, it is hereby **ORDERED** that PSA's motion for leave to amend (Dkt. 46) is **GRANTED**. PSA's motion for partial summary judgment (Dkt. 33), APMT's motion to dismiss (Dkt. 49), and APMT's motion to supplement the record (Dkt. 67) are **DENIED without prejudice**.

Dated this 27th day of November, 2017.

BENJAMIN H. SETTLE
United States District Judge