UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>                  Plaintiff,<br><br>   v.<br><br>APM TERMINALS TACOMA LLC, et al.,<br><br>                  Defendants. | CASE NO. C17-5016 BHS<br><br>ORDER DENYING MOTION TO ENTER CONSENT DECREE |

This matter comes before the Court on Plaintiff Puget Soundkeeper's ("Soundkeeper") and Defendant APM Terminals Tacoma LLC's ("APMT") joint motion for entry of a consent decree. Dkt. 108. Defendants Port of Tacoma ("Port"), SSA Terminals LLC, and SSA Marine, Inc. (collectively "SSA") oppose entry of the consent decree. Dkts. 129, 130. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies Soundkeeper's and APMT's motion to enter the consent decree.

The Port and SSA argue that the Court should reject the consent decree on the basis that it purports to bind them and dispose of their crossclaims against APMT even

ORDER - 1

though they are not parties to the agreement. *See* Dkts. 129, 130. The Port and SSA further argue that the consent decree "should be amended to make clear the effect of PSA's dismissal of all claims for penalties prior to October 2, 2017 . . . is to bar PSA from using evidence of [CWA] violations prior to October 2, 2017 as a basis for any penalty calculation or enhancement." Dkt. 129 at 2.

"Because of the unique aspects of settlements, a district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). The Court must also consider "that there has been valid consent by the concerned parties." *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983) (quoting *Metropolitan Housing Development Corp. v. Village of Arlington Heights*, 616 F.2d 1006, 1014 (7th Cir. 1980)). "[W]hile an intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree, it does not have power to block the decree merely by withholding its consent." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529 (1986). Nonetheless, "a court may not enter a consent decree that imposes obligations on a party that did not consent to the decree." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529 (1986). "A court's approval of a consent decree between some of the parties therefore cannot dispose of the valid claims of nonconsenting intervenors; if properly raised, these claims remain and may be litigated by the intervenor." *Id.*

Reviewing the content of the consent decree, it appears to be a fair, reasonable, and equitable settlement. The terms agreed to in the proposed consent decree mirror those frequently approved by the Court in similar cases. Furthermore, while the consent decree purports to be binding on "any successor owner or operator of the Facility," Dkt. 108-1 at 3, the consent decree does not admit any liability for CWA violations nor impose any actual obligations in terms of the facility's future operations. Furthermore, the consent decree expressly states that its only effect on Soundkeeper's remaining litigation against the Port is to dismiss with prejudice all claims against the Port for discharges occurring prior to October 2, 2017. *Id.* at 3, 6.

Nonetheless, the consent decree does purport to do something that it lawfully cannot. Specifically, the consent decree states that it "shall apply to, and be binding upon, the parties, the successors in interest and assigns of the parties, and any successor owner or operator of the Facility," and therefore wrongfully purports to foreclose the Port's and SSA's crossclaims against APMT by stating that it "constitutes a full and complete settlement of the claims alleged against APMT in the Second Amended Complaint and all other claims, known and unknown, existing as of the date of entry of this Consent Decree that could be asserted against APMT arising under the Clean Water Act, 33 U.S.C. §§ 1251–1387 ["CWA"] with respect to the Facility." Dkt. 108-1 at 3. Furthermore, the consent decree unambiguously purports to resolve all claims brought against APMT in this case, where it states: "Based upon this Court's judgment that this Consent Decree constitutes a fair resolution of the claims against APMT, and the broad

releases contained herein, *APMT shall have no liability for any claims remaining in this case.*" *Id.* at 6 (emphasis added).

In its reply, Soundkeeper agrees with the Port and SSA's position that the proposed consent decree cannot lawfully be construed to dispose of the claims of non-consenting parties. However, the plain language of the proposed consent is not consistent with this position. Moreover, the language Soundkeeper suggests that the Court can simply read out of the agreement is not a provision of the agreement that benefits Soundkeeper. Instead, that language runs to the benefit of APMT. APMT's reply briefing does stipulate that the proposed language should not be read to dispose of the Port's or SSA's crossclaims. Instead, APMT argues that the Court has broad authority to enter the proposed consent decree and that the Court should not allow the Port's and SSA's supposedly "prophylactic" claims to preclude the entry of the consent decree. However, as explained above, the Court cannot enter a consent decree disposing of a non-consenting party's pending claims. The Port and SSA took no part in the negotiations of the proposed consent decree and do not agree to its purported dismissal of their crossclaims. Therefore, the Court cannot approve the proposed consent decree, as it expressly states that its "broad releases" dispose of all claims in this case, which would include those of non-consenting parties.

The Court notes that the problem with the proposed consent decree could readily be resolved by simply changing the provisions described above so that it does not purport to resolve claims of non-consenting parties in this case. However, while the Court can explain the basis of its decision to withhold approval and provide this suggestion, the

Court cannot modify or rewrite the proposed consent decree. *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982) ("[T]he district court may suggest modifications, but ultimately, it must consider the proposal as a whole and as submitted. Approval must then be given or withheld."). That is a matter that must be resolved in future negotiations between Soundkeeper and APMT, as already stipulated in the proposed consent decree. *See* Dkt. 108-1 at 6 ("If for any reason the Court should decline to approve this Consent Decree in the form presented, the parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.") If APMT requires the resolution of all claims against it, including the crossclaims of the Port and SSA, then it might be necessary that APMT and Soundkeeper involve SSA and the Port in their continued negotiations.

The Court makes note of two additional issues raised in the pleadings for and in opposition to entry of the consent decree. First, APMT argues that the Port's and SSA's pending crossclaims should not preclude the entry of the consent decree because those claims will fail. While such claims may ultimately be dismissed or otherwise fail, that is not an issue to be resolved through the entry of a consent decree to which the cross-claimants are not parties. Second, the Court makes a similar note regarding SSA's argument that "any penalties that PSA seeks to impose on SSA cannot be based on evidence of APMT's failures to fulfill its obligations under its own ISGP prior to October 2, 2017." Dkt. 129. Such an argument is not a matter properly before the Court on consideration of the proposed consent decree. To the extent SSA seeks to challenge any claims that it is liable for past or present discharges that allegedly violate applicable

NPDES permits, or challenge evidence proffered in favor of such claims, SSA should do so through the proper motions.

Soundkeeper's and APMT's motion for entry of the proposed consent decree (Dkt. 108) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 14th day of August, 2018.

BENJAMIN H. SETTLE
United States District Judge