UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>APM TERMINALS TACOMA, LLC, et al.,<br><br>Defendants. | CASE NO. C17-5016 BHS<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SANCTIONS AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Defendants SSA Marine, Inc., and SSA Terminals, LLC's ("SSA") motion for attorney's fees and costs, Dkt. 225, and Plaintiff Puget Soundkeeper Alliance's ("Soundkeeper") fourth motion to amend the complaint, Dkt. 246.

On February 14, 2019, SSA filed a motion for attorney's fee and costs. Dkt. 246. On March 1, 2019, Soundkeeper responded. Dkt. 233. On March 8, 2019, SSA replied. Dkt. 235.

ORDER - 1

On May 2, 2019, Soundkeeper filed a fourth motion to amend its complaint. Dkt. 246. On May 13, 2019, Defendant Port of Tacoma ("Port") responded. Dkt. 247. On May 17, 2019, Soundkeeper replied. Dkt. 251.

Regarding the motion to amend, the Court grants Soundkeeper leave to amend the complaint. Although the Port objects based on undue delay and prejudice, the unusual circumstances of this matter, with the Court striking the trial schedule and recently dismissing SSA, establish that any delay is neither undue nor prejudicial. The Port also argues that Soundkeeper's amended claims are futile. While the Court agrees that the complaint contains some inconsistencies and could have been clearer, the Port has failed to establish that Soundkeeper's claims could not be saved by amendment if the Court subsequently grants a motion to dismiss for lack of clarity or failure to provide sufficient allegations to state a claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (an amendment is "futile" if it is clear that the complaint could not be saved by amendment). Therefore, the Court **GRANTS** Soundkeeper's motion, and Soundkeeper shall file the amended complaint as a separate entry on the electronic docket.

Regarding SSA's motion for attorney's fees and costs, the Court finds that the motion is premature. SSA relies on the Clean Water Act's fee-shifting provision to request fees but fails to establish any "final order" of the Court. 33 U.S.C. § 1365(a) ("The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party"). Once final judgment has been entered,

1 | SSA may refile its motion.  Currently, however, the Court **DENIES** the motion without

2 | prejudice as premature.

3 |     **IT IS SO ORDERED**.

4 |     Dated this 4th day of June, 2019.

_____
BENJAMIN H. SETTLE
United States District Judge