HON. BENJAMIN H. SETTLE

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

| PUGET SOUNDKEEPER ALLIANCE, | No. 3:17-cv-05016-BHS |
|---|---|
| Plaintiff, | **JOINT STATUS REPORT AND DISCOVERY PLAN** |
| v. | |
| SSA TERMINALS (TACOMA), LLC; and SSA TERMINALS, LLC, | |
| Defendants, | |
| and | |
| PORT OF TACOMA, | |
| Crossclaim Plaintiff/ Counterclaim Defendant | |
| v. | |
| APM TERMINALS TACOMA LLC; | |
| Crossclaim Defendant/Counter claim Plaintiff. | |

9

10

11

12

13

14

15

16

17

18

19

20

21

22     In accordance with the Court's Orders of April 24, 2019 (Dkt. 244) and December 3,

23  2020 (Dkt. 308) and Federal Rules of Civil Procedure 26(f)(2) and (3), APM Terminals Tacoma

24  LLC ("APMT"), Port of Tacoma ("the Port"), SSA Terminals (Tacoma), LLC ("SSATT"), SSA

25  Terminals, LLC ("SSAT") (collectively "SSA") and Puget Soundkeeper Alliance

26

JOINT STATUS REPORT AND DISCOVERY PLAN - 1
3:17-CV-05016- BHS

("Soundkeeper"), (collectively "the Parties") hereby submit their Combined Joint Status Report and Discovery Plan.

## 1.   NATURE AND COMPLEXITY OF THE CASE

Soundkeeper originally commenced this matter as a citizen suit under the Clean Water Act ("CWA") against APMT alleging, inter alia, that APMT had failed to construct a stormwater treatment system required by the Industrial Stormwater General Permit ("ISGP") at the West Sitcum Terminal ("Terminal").  After APMT terminated operations, SSA leased the Terminal from the Port, and the Port agreed in October 2017 to install a treatment system for the Terminal. Dkt. 305 at 8.  In November 2017, Soundkeeper amended its complaint to add the Port as a defendant.  Dkt. 75.  In June 2018 Soundkeeper filed an amended complaint adding SSAT and its parent, SSA Marine, Inc., as defendants, and the Port asserted crossclaims against APMT. Dkt. 260.  In August 2018 the Court rejected a proposed consent decree between Soundkeeper and APMT that "wrongfully purports to foreclose the Port's . . . crossclaims against APMT." Dkt. 138 at 3. On January 19, 2019, the Court granted SSA Marine and SSAT's motion to dismiss Soundkeeper's CWA claims because they were premised on a 60-day notice letter sent prior to SSAT's tenancy.  On February 14, 2019, SSAT filed a motion for an award of attorneys' fees and costs.  On June 4, 2019 the Court denied the motion without prejudice.  On February 14, 2019 the Court approved the Revised Consent Decree through which Soundkeeper and APMT settled Soundkeeper's claims against APMT and Soundkeeper agreed "to dismiss with prejudice all claims for penalties against the Port alleged in the Third Amended Complaint for violations occurring prior to October 2, 2017 and any and all claims against the Port for violations not involving acts or omissions of the Port." Dkt 224 at 3-4.  On June 5, 2019 Soundkeeper filed its Fourth Amended Complaint adding SSAT and SSATT as defendants.

On November 3, 2020 the Court granted the Port's motion for partial summary judgment regarding the scope of ISGP coverage and Soundkeeper's claims. Dkt. 304.  On November 17,

JOINT STATUS REPORT AND DISCOVERY PLAN - 2
3:17-CV-05016- BHS

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

1  2020 the Court granted the Port's summary judgment motion on Soundkeeper's remaining
2  claims and instructed the clerk to terminate the Port as a defendant.  Dkt. 305 at 16.
3  Soundkeeper did not seek reconsideration of either ruling.  Soundkeeper has not dismissed its
4  claims against SSA.

5  On November 19, 2020 the Court granted in part and denied in part APMT's motion to
6  dismiss the Port's crossclaims.  Dkt. 306.  On December 11, 2020, APMT answered the Port's
7  remaining crossclaims and asserted counterclaims against the Port.  Dkt. 309.

8  The only claims now remaining for resolution in this litigation are Soundkeeper's claims
9  against SSA, the Port's crossclaims against APMT, and APMT's counterclaims against the Port.
10  The Port's action against APMT involves claims arising from APMT's 1983 lease with the Port.
11  The Port contends APMT breached its lease obligations, including by failing to indemnify/hold
12  harmless the Port; failing to comply with the CWA, the ISGP, and local, state and federal laws
13  implementing the CWA.  The Port contends it has been and continues to be damaged by
14  APMT's acts and omissions well in excess of a letter of credit provided by APMT to secure its
15  lease obligations.  Accordingly, the Port's claims in the case involve questions of contract
16  interpretation; application of the CWA's regulatory programs; decisions, data and records related
17  to that program and the lease; and expert testimony.

18  APMT denies the Port's claims in their entirety, and asserts counterclaims for conversion,
19  fraud, breach of contract, and breach of the duty of good faith and fair dealing in connection with
20  the 1983 lease and a letter of credit APMT posted pursuant to the lease as security in the event
21  the Port was unable to lease the terminal to another tenant following a default by APMT.  APMT
22  contends that the Port, more than seven months after APMT terminated the lease and vacated the
23  terminal, and without any notice to APMT, converted the full amount of the letter of credit by
24  fraudulently executing a false certification to the New York branch office of Svenska
25  Handelsbanken causing the bank to release the full amount of the letter of credit to the Port.  The

26

JOINT STATUS REPORT AND DISCOVERY PLAN - 3
3:17-CV-05016- BHS

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

false certification submitted to the bank for the release of the letter of credit was executed by the then Deputy Chief Executive Officer of the Port.  APMT has provided notice of its claim against the former Deputy Chief Executive Officer of the Port.

The Port and  SSA believe that the Court's November 3rd and November 17th Orders conclusively establish that there was no "ongoing violation" in June 2019 when Soundkeeper added SSA back into the case and that Soundkeeper failed to identify any CWA violation prior to October 2019.  As a result, they intend to seek dismissal of Soundkeeper's remaining claims against SSA, a FRCP 54(b) determination, and additional relief.  The Port favors a briefing schedule on the Port's and APMT's breach claims, the Port and SSA favor bifurcation of the Port's crossclaims and APMT's counterclaims from Soundkeeper's remaining claims, and the Port favors a stay of the Port's crossclaims and APMT's counterclaims pending a final judgment in Soundkeeper's lawsuit against SSA.

APMT also favors a briefing schedule on the Port's and APMT's claims and bifurcation of the Port's crossclaims and APMT's counterclaims from Soundkeeper's remaining claims, but does not believe that the briefing schedule should be an exception to the bifurcation and does not favor a stay of the Port's crossclaims and APMT's counterclaims pending a final judgment in Soundkeeper's lawsuit against SSAT and SSATT.

The Court's November 3, 2020 and November 17, 2020 Orders granting the Port's motions for summary judgment and dismissing the Port did not address the status of SSA in this matter.  SSA believes that given the facts and law set forth in the Court's Orders they should likewise be dismissed with prejudice on the identical basis as the Port.  SSA has requested Soundkeeper to both stipulate to the dismissal and to finalization of the Orders per FRCP 54(b).  Soundkeeper has indicated it is opposed to both requests.  As a result of the disagreement between SSA and Soundkeeper, SSA will be bringing a motion to dismiss and may request fees.  SSA, along with the Port, will also seek FRCP 54(b) certification of the Court's Orders.  SSA

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

strenuously opposes the lifting of the stay and resumption of discovery until after its motion to dismiss is ruled upon.  SSA contends that such activities are likely pointless and incur unnecessary fees and costs for both parties.

Soundkeeper believes that dismissal of SSA is inappropriate. The Court's November 3, 2020 Order did not address any of Soundkeeper's Claims against SSA.  The Court has also held that SSA is a proper party to this case.  Dkt. 253. Furthermore, as discovery has been stayed for the past two years, Soundkeeper has been unable to determine if SSA has accumulated additional violations of the Industrial Stormwater General Permit during that time.  Soundkeeper intends to conduct discovery as to this time period.  SSA have not provided Soundkeeper with any specific proposal as to their dismissal.  Soundkeeper will consider SSA's motion to dismiss when it is received.

**2.      PROPOSED DEADLINE TO JOIN ADDITIONAL PARTIES**

Solely with respect to their claims, the Port and APMT propose a deadline of July 2, 2021.

**3.      UNITED STATES MAGISTRATE JUDGE**

The parties do not consent to a United States Magistrate Judge.

**4.      DISCOVERY PLAN (FED. R. CIV. P. 26(f)(3))**

A.  Initial disclosures

The Port and APMT do not request any changes to the timing, form, or requirement for disclosure under Rule 26(a).  The Port will provide its initial disclosures by January 6, 2021. The Port contends that APMT provided initial disclosures with respect to PSA's claims, but has not provided initial disclosures regarding its claims against the Port.

APMT provided its initial disclosures on May 4, 2017, and will supplement its initial disclosures by January 6, 2021.    APMT has agreed that the Port can provide its initial disclosures by January 6, 2021.

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

1   SSA's position is that if the Court denies SSA's planned motion to dismiss, SSA and

2   Soundkeeper will provide initial disclosures within fourteen (14) days of the Court's decision.

3   Soundkeeper's position is that Soundkeeper and SSA should exchange initial disclosures

4   by January 6, 2021.  Soundkeeper's initial disclosures will be supplemental, as Soundkeeper has

5   already provided initial disclosures in this matter.

6   B.  Subjects, timing, and potential phasing of discovery

7   The subjects on which the Port may need discovery include the APMT-Port lease

8   agreement; APMT's internal and external communications related to stormwater management,

9   including the Industrial Stormwater General Permit; APMT's compliance/noncompliance with

10   the Clean Water Act and lease; APMT's defenses and counterclaims; APMT's purported

11   damages; and the opinions of expert witnesses.

12   The subjects on which APMT may need discovery include the APMT-Port lease, the

13   Port's internal and external communication related to the lease and its termination, the Port's

14   remaining cross-claims, the Port's defenses to APMT's Counterclaim, the Port's securing of a

15   new tenant at the terminal following APMT's termination of the lease, the Port's alleged

16   damages, the Port's communications with the Washington Department of Ecology, the Port's and

17   its officer's conduct related to the execution and presentation of a sight draft to Svenska

18   Handelsbanken to obtain the bank's release of the letter of credit, the Port's lease agreements

19   with subsequent tenants, and the opinions of expert witnesses.

20   The Port's ultimate claims and damages may be affected by the final disposition of

21   Soundkeeper's concurrent parallel litigation against SSA in this matter.  The Port further

22   contends that an initial ruling on the Port's and APMT's breach claims may facilitate settlement

23   and enable the parties to address the economic loss rule relative to APMT's remaining claims.

24   The Port endorses phased discovery and initial motions practice on the Port's and APMT's

25   breach claims and a stay of the remaining APMT claims pending a final judgment in

26

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
3:17-CV-05016- BHS

1   Soundkeeper's lawsuit against SSA.  The Port will propose a briefing schedule for approval by
2   the court.

3          APMT endorses phased discovery and initial motions practice on the Port's and APMT's
4   claims.  APMT will propose a joint briefing schedule for approval by the court.  APMT denies
5   that the Port's ultimate claims and damages may be affected by the final disposition of
6   Soundkeeper's concurrent parallel litigation against SSA in this matter.  APMT favors
7   bifurcation of the Port's crossclaims and APMT's counterclaims from Soundkeeper's remaining
8   claims.  APMT does not favor a stay of the Port's crossclaims and APMT's counterclaims
9   pending a final judgment in Soundkeeper's lawsuit against SSA.

10          Soundkeeper is opposed to bifurcation. Should any party wish to file a motion for
11   bifurcation, Soundkeeper will consider such a motion at that time.

12          The Port and APMT generally agree to conduct discovery cooperatively and to look for
13   efficient and inexpensive resolution of discovery issues.  The Port and APMT agree to share
14   discovery from third parties; to schedule discovery or case management conferences with the
15   judge assigned to the case as necessary; and present discovery disputes to the court by informal
16   means.

17          SSA's position is that SSA and Soundkeeper cannot at this time propose a discovery plan
18   or respond to the remaining matters listed below given the uncertain status of Soundkeeper's
19   claims against SSA.  Should the Court deny SSA's upcoming motion to dismiss, then SSA and
20   Soundkeeper will submit a discovery plan and responses to the remaining matters listed below
21   within fourteen (14) days of the Court's ruling.

22          Soundkeeper's position is that discovery as between Soundkeeper and SSA should be
23   reopened immediately, rather than waiting for the Court to rule on SSA's motion to dismiss,
24   which has not been filed yet.  The subjects on which discovery may be needed include SSA's
25   compliance/noncompliance with the Industrial Stormwater General Permit, means to control

26

JOINT STATUS REPORT AND DISCOVERY PLAN - 7
3:17-CV-05016- BHS

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

1    stormwater pollution at SSA's facility, the application of the penalty factors identified at 33

2    U.S.C. § 1319(d), Soundkeeper's compliance/noncompliance with applicable requirements and

3    conditions of the CWA to bring and maintain this action, and SSA's affirmative defenses.

4    Soundkeeper does not believe that phased discovery as between Soundkeeper and SSA is

5    warranted. To promote the expeditious and inexpensive resolution of the case, Soundkeeper

6    agrees to work cooperatively. With regard to timing, Soundkeeper believes discovery can be

7    completed 120 days prior to the trial date.

8                      C.   Electronically stored information

9          The Port and APMT anticipate its case will involve the preservation of ESI and have each

10   maintained a litigation hold since 2017.  The Port and APMT have discussed the nature, location,

11   and scope of discoverable ESI.  The Port expects to adopt the Model Agreement Regarding

12   Discovery of Electronically Stored Information.  APMT may propose changes to the Model

13   Agreement.

14         As between Soundkeeper and SSA, Soundkeeper anticipates this case will involve

15   preservation and production of ESI. Soundkeeper proposes that Soundkeeper and SSA agree to

16   follow the Model Protocol for Discovery of ESI.

17                     D.   Privilege issues

18         The Port and APMT will jointly ask the court to enter a mutually acceptable order under

19   FRE 502.

20         As between Soundkeeper and SSA, neither SSA nor Soundkeeper is aware of any unique

21   or extensive claims of privilege.

22                     E.   Proposed limitations on discovery

23         The parties do not currently propose limitations on discovery beyond those provided

24   under federal or local rules.

25

26

JOINT STATUS REPORT AND DISCOVERY PLAN - 8
3:17-CV-05016- BHS

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

1

F.   The need for discovery related orders

2

The parties do not currently foresee the need for any other orders that the court should

3

issue under Rule 26(c) or under Rule 16(b) and (c).

4

**5.      THE PARTIES' VIEWS, PROPOSAL AND AGREEMENTS (LOCAL**
**CIVIL RULE 26(f)(1), (2)).**

5

6

A.   Prompt case resolution

7

The Port and APMT intend to continue discussing case resolution.

8

As to Soundkeeper, SSA anticipates filing a dispositive motion.

9

B.   Alternative Dispute Resolution

10

The Port and APMT commit to alternative dispute resolution per LCR 39.1 within 120

11

days before trial.  The Port and APMT will evaluate the assistance of a magistrate judge for

12

settlement conferences.

13

Soundkeeper's position as to SSA is that Soundkeeper proposes to use mediation as ADR

14

under Local Rule CR 39.1. Soundkeeper proposes a mediation deadline of 30 days after the

15

discovery cutoff.

16

C.   Related cases

17

A consolidated appeal of the 2020 Industrial Stormwater General Permit before the

18

Washington Pollution Control Hearings Board is a related case per LCR 26(f)(1)(C).  *Puget*

19

*Soundkeeper Alliance, et. al v. State of Washington, Dep't of Ecology*, PCHB No. 19-089c.  That

20

appeal is the subject of a Notice of Pendency, Dkt. 298.

21

D.   Discovery management

22

The parties do not currently foresee issues with disclosure, discovery or preservation of

23

ESI and will work collaboratively if issues arise.

24

E.   Anticipated discovery sought

25

The provisions of Paragraph 4(B) above, are incorporated herein by reference.

26

JOINT STATUS REPORT AND DISCOVERY PLAN - 9
3:17-CV-05016- BHS

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

F. Phasing motions

The Port endorses phased discovery and initial motions practice on the Port's and APMT's breach claims.

APMT endorses phased discovery and initial motions practice on the Port's and APMT's claims.

Soundkeeper does not propose phasing motions, beyond the deadlines normally set by the Court.

G. Preservation of discoverable information

The Port and APMT have not identified any preliminary issues relating to the preservation of discoverable information and the scope of the preservation obligation.

Soundkeeper has not identified any issues relating to the preservation of discoverable information.

H. Privilege issues

The provisions of Paragraph 4(D) above, are incorporated herein by reference.

I. Model protocol for Discovery ESI

The provisions of Paragraph 4(C) above, are incorporated herein by reference.

J. Alternatives to model protocol

The provisions of Paragraph 4(C) above, are incorporated herein by reference.

**6.    COMPLETIN OF DISCOVERY**

The Port and APMT propose that all discovery, including written discovery and depositions be completed no later than 120 days before the trial date.

As to Soundkeeper and SSA, the parties propose that all discovery be completed no later than 120 days before the trial date.

JOINT STATUS REPORT AND DISCOVERY PLAN - 10
3:17-CV-05016- BHS

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

7.    **BIFURCATION**

The Port endorses phased discovery and initial motions practice on the Port's and APMT's breach claims.  The Port will propose a briefing schedule for approval by the Court. The Port's ultimate claims and damages may be affected by the final disposition of Soundkeeper's concurrent parallel litigation against SSA in this matter.  The Port and SSA intend to seek dismissal of Soundkeeper's remaining claims, a FRCP 54(b) determination, and additional relief.  Therefore, the Port favors a briefing schedule on the Port's and APMT's breach claims and economic loss rule, the Port and SSA favor bifurcation of the Port's crossclaims and APMT's counterclaims from Soundkeeper's remaining claims and the Port favors a stay of the Port's crossclaims and APMT's counterclaims pending a final judgment in Soundkeeper's lawsuit against SSA.

APMT endorses phased discovery and initial motions practice on the Port's and APMT's claims.  APMT will work with the Port to propose a briefing schedule for approval by the Court. APMT denies that the Port's ultimate claims and damages may be affected by the final disposition of Soundkeeper's concurrent parallel litigation against SSA in this matter.  APMT does not favor a stay of the Port's crossclaims and APMT's counterclaims pending a final judgment in Soundkeeper's lawsuit against SSA.

Soundkeeper's opposes bifurcation. If any party wishes to file a motion for bifurcation, Soundkeeper will consider such a motion at that time.

8.    **PRETRIAL STATEMENTS**

The parties do not propose to dispense with pretrial statements or pretrial order at this time.  The Port, APMT, and Soundkeeper are not requesting to use an abbreviated pretrial order and are not requesting other orders under LCR 16(b) and (c) at this time.

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

9. **INDIVIDUAL TRIAL PROGRAM**

The Port, APMT, and Soundkeeper do not believe that the individualized trial program is appropriate in this case.

10. **SUGGESTIONS FOR SHORTENING/SIMPLIFYING THE CASE**

The Port endorses phased discovery and initial motions practice on the Port's and APMT's breach claims.  The Port will propose a briefing schedule for approval by the court.

APMT endorses phased discovery and initial motions practice on the Port's and APMT's claims.  APMT will work with the Port to propose a joint briefing schedule for approval by the Court.

11. **DATE READY FOR TRIAL**

The Port-APMT case will be ready for trial in May 2022.

SSA will file a motion to dismiss Soundkeeper's claims, and should that motion to dismiss be denied, Soundkeeper and SSA anticipate that the Soundkeeper-SSA case will be ready for trial in January 2022.

12. **JURY TRIAL OR BENCH TRIAL**

The Port requests a jury trial.

APMT request a non-jury trial.

Soundkeeper requests a non-jury trial for the Soundkeeper-SSA case.

13. **NUMBER OF DAYS REQUIRED**

APMT and the Port estimate 3 weeks would be needed for trial.

Soundkeeper and SSA estimate that ten trial days will be necessary for the SSAT-SSATT trial.

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

14.   **TRIAL COUNSEL**

Counsel for Crossclaim Plaintiff and Counterclaim Defendant Port of Tacoma

Bradford Doll (206) 493-2324
James A. Tupper (206) 493-2317
Lynne Cohee (206) 407-0462
Hayley Ventoza (206) 407-0501
Tupper Mack Wells PLLC
2025 First Avenue, Suite 1100
Seattle, Washington 98121

and

Carolyn A. Lake (253) 779-4000
Goodstein Law Group PLLC
501 South G Street
Tacoma, WA 98405
clake@goodsteinlaw.com

Counsel for Crossclaim Defendant and Counterclaim Plaintiff APMT

Loren R. Dunn (206) 315-4810
Beveridge & Diamond, P.C.
600 University Street, Suite 1601
Seattle, WA 98101

and

Christopher J. McAuliffe, *pro hac vice* (609) 919-6619
Morgan Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540-6241

Counsel for Defendants SSAT and SSATT

Bradley B. Jones, (253) 620-6500
Dianne K. Conway, (253) 620-6500
Gordon Thomas Honeywell LLP
1201 Pacific Ave., Suite 2100
Tacoma, WA 98402

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

Counsel for Plaintiff Puget Soundkeeper Alliance

Alyssa Englebrecht
Knoll Lowney
Smith & Lowney, PLLC
2317 E John Street
Seattle, WA 98112

**15.     SCHEDULING CONFLICTS**

Counsel for Soundkeeper Alyssa Englebrecht is unavailable June 13, 2022 to June 21, 2022.

Counsel for APMT Christopher J. McAuliffe is unavailable July 26, 2021 through July 30, 2021.

Counsel for the Port Bradford Doll is unavailable July 2, 2021 through July 6, 2021.

**16.     SERVICE**

All named parties have been served.

**17.     SCHEDULING CONFERENCE**

**18.     CORPORATE DISCLOSURE STATEMENT**

The Port is a governmental entity.

APMT filed its Corporate Disclosure Statement on February 17, 2017 (Dkt. # 10).

Soundkeeper filed its Corporate Disclosure Statement on January 17, 2017 (Dkt. # 5).

SSA Marine, Inc. filed its Corporate Disclosure Statement on June 29, 2018 (Dkt. # 122).

SSAT filed its Corporate Disclosure Statement on June 29, 2018 (Dkt. # 123).

DATED this 18th day of December, 2020.

BEVERIDGE & DIAMOND, P.C.

By: s/ Loren R. Dunn
Loren R. Dunn, WSBA #17135
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4810
ldunn@bdlaw.com

JOINT STATUS REPORT AND DISCOVERY PLAN - 14
3:17-CV-05016- BHS

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

1

MORGAN LEWIS & BOCKIUS LLP

2

By: s/ Christopher J. McAuliffe

Christopher J. McAuliffe, *pro hac vice*

3

502 Carnegie Center
Princeton, NJ 08540-6241

4

(609) 919-6619
Christopher.McAuliffe@morganlewis.com

5

*Attorneys for APM Terminals Tacoma LLC*

6

TUPPER MACK WELLS PLLC

7

8

By: s/ Bradford Doll

Bradford Doll, WSBA #38479

9

2025 First Avenue, Suite 1100
Seattle, Washington 98121

10

(206) 493-2324
doll@tmw-law.com

11

GOODSTEIN LAW GROUP PLLC

12

13

By: s/ Carolyn A. Lake

Carolyn A. Lake, WSBA No. 13980

14

501 South G Street
Tacoma, WA 98405

15

(253) 779-4000
clake@goodsteinlaw.com

16

*Attorneys for Port of Tacoma*

17

SMITH & LOWNEY PLLC

18

By: *s/Alyssa Englebrecht*

Alyssa Englebrecht, WSBA #46773

19

Knoll Lowney, WSBA #23457
2317 E. John St.,

20

Seattle, WA 98112
(206) 860.2883

21

Alyssa@smithandlowney.com
Knoll@smithandlowney.com

22

*Attorneys for Puget Soundkeeper Alliance*

23

24

25

26

JOINT STATUS REPORT AND DISCOVERY PLAN - 15
3:17-CV-05016- BHS

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on this date, I caused the foregoing document to be electronically

3    filed with the Clerk of the Court using the CM/ECF system which will send notification of the

4    filing to all counsel of record.

5          DATED at Seattle, Washington this 18th day of December, 2020.

6

7                                              s/ Bradford Doll
                                               Bradford Doll, WSBA #38479

8

9    4839-4303-0484, v. 1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT STATUS REPORT AND DISCOVERY PLAN - 16
3:17-CV-05016- BHS

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310