UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>    Plaintiff,<br><br>  v.<br><br>APM TERMINALS TACOMA LLC, et al.<br><br>    Defendants.<br><br>PORT OF TACOMA,<br><br>    Crossclaim Plaintiff/Counterclaim Defendant,<br><br>  v.<br><br>APM TERMINALS TACOMA LLC,<br><br>    Crossclaim Defendant/Counterclaim Plaintiff. | CASE NO. C17-5016 BHS<br><br>ORDER GRANTING COUNTERCLAIM PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Counterclaim Plaintiff APM Terminals Tacoma LLC's ("AMPT") motion for leave to amend counterclaim and join a party. Dkt. 329. The Court has considered the briefings filed in support of and in opposition to the

motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL & PROCEDURAL BACKGROUND

APMT leased the terminal portion of the Defendant and Crossclaim Plaintiff Port of Tacoma's ("the Port") property from March 1983 to October 2, 2017. Dkt. 135-1. On November 28, 2017, Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") filed a complaint against APMT and the Port alleging numerous violations of the Clean Water Act. Dkt. 75. Soundkeeper alleges that the Port is liable for CWA violations that occurred during APMT's tenancy and after APMT terminated the lease agreement.[1] *Id.*

On June 25, 2019, the Port filed an amended answer asserting crossclaims against APMT for breach of contract, contractual indemnity, equitable indemnity, negligent misrepresentation, fraudulent misrepresentation, and declaratory judgment. Dkt. 260 at 27–34. APMT moved to dismiss the crossclaims, Dkt. 265, and the Court denied the motion as to the Port's breach of contract, breach of the duty of good faith and fair dealing, contractual indemnity, and equitable indemnity claims and granted the motion as to the Port's remaining claims, Dkt. 306.

On December 11, 2020, APMT filed its answer to the Port's crossclaim and counterclaims against the Port for conversion, fraud, breach of contract, and breach of the duty of good faith and fair dealing. Dkt. 309. APMT's counterclaims "arise out of the

---

[1] On November 17, 2020, the Court granted in part and denied in part Soundkeeper's motion for partial summary judgment, Dkt. 196, and the Port's cross-motion for partial summary judgment, Dkt. 210. *See* Dkt. 305. The Court concluded that the Port is not jointly liable for alleged violations that occurred during or after AMPT's tenancy.

Port's wrongful draw on a letter of credit through a Sight Draft" allegedly executed by Don Esterbrook, the Port's Deputy Chief Executive Officer, in May 2018. Dkt. 329 at 3. On January 4, 2021, the Port filed its answer to the counterclaims. Dkt. 312.

On March 4, 2021, AMPT moved for leave to amend its counterclaims, seeking to add Esterbrook as a counterclaim defendant, alleging claims of conversion and fraud. Dkt. 329. AMPT additionally seeks punitive damages against Esterbrook. *See* Dkt. 329, ¶¶ 82, 94. On March 15, 2021, the Port responded, arguing that amendment would be futile. Dkt. 330. On March 19, 2021, AMPT replied. Dkt. 331.

## II. DISCUSSION

When a party seeks to join additional parties to an action, the party must seek leave to amend the complaint and has the burden of meeting the requirements of both Federal Rule of Civil Procedure 15 and Federal Rule of Civil Procedure 20.[2] *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465–66 (2000).

**A.  Rule 15**

The Court first considers whether amendment is proper under Rule 15. In determining whether to grant leave under Rule 15, courts consider five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir 1990).

---

[2] Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim. Fed. R. Civ. P. 13(h). Rule 20 governs the joinder of Esterbrook here as he is a permissive, as opposed to required, party.

The Port exclusively focuses its argument in opposition to the motion for leave to amend on futility. A court may deny leave to amend "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rukoff-Sexton, Inc.*, 845 F.2d 2019, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Port first argues that APMT's proposed claims against Esterbrook are time barred, and thus futile. Dkt. 330 at 4–5. In the alternative, the Port argues that APMT has failed to adequately allege fraud or conversion, *id.* at 5–11, and that punitive damages are unavailable as a matter of law, *id.* at 11–12.

### 1. Statute of Limitations

The Port's primary argument is that AMPT's proposed claims against Esterbrook are barred by the "strict" one-year statute of limitations found in Article 5 of the Uniform Commercial Code (as codified in RCW Chapter 62A.5, *et seq.*). *Id.* at 4–5 (citing *Alhadeff v. Meridian on Bainbridge Island, LLC*, 167 Wn.2d 601 (2009)). Article 5 "applies to letters of credit and to certain rights and obligations arising out of transactions involving letters of credit." RCW 62A.5-103(a). It warrants to the letter of credit issuer and applicant that there is no fraud or forgery as described by the Article and warrants to the applicant that the drawing does not violate any agreement between the applicant and beneficiary. RCW 62A.5-110.

ORDER - 4

"An action to enforce a right or obligation arising under [Article 5] must be commenced within one year after the expiration date of the relevant letter of credit or one year after the cause of action accrues, whichever occurs later." RCW 62A.5-115. The Port argues that AMPT's claims against Esterbrook arise under Article 5 because they are based on arguments about the representation made by Esterbrook on behalf of the Port in making a claim against the letter of credit. The Port thus argues that the claims are subject to the one-year statute of limitations, expired in May 2019, and are untimely.

But AMPT argues that Article 5 is inapplicable here. It asserts that its claims against Esterbrook do not seek to "enforce a right or obligation" under the letter of credit against an issuer, beneficiary, nominated person, or confirmer. Dkt. 331 at 2–3. Rather, it asserts that Esterbrook "is a third party that committed torts against APMT" in connection with the Port's execution of the letter of credit. *Id.* at 3.

There is limited case law on the application of Article 5's "strict" one-year statute of limitations in Washington. *See Alhadeff*, 167 Wn.2d at 611–19; *Seattle Iron & Metals Corp. v. Lin Xie*, 155 Wn. App. 1049 (2010).[3] In *Alhadeff*, the Washington State Supreme Court addressed Article 5's statute of limitations applicability where a letter of credit applicant brought common law claims against the letter of credit beneficiary. 167 Wn.2d at 606–10. Whether the applicant's claims "arose under" Article 5 and were subject to the statute of limitations depended on whether the applicant's claims were based on an underlying contract or promise between the beneficiary and applicant or were based on

---

[3] The Court notes that *Seattle Iron & Metals Corp.* is an unpublished opinion and does not have precedential value. The Court cites to the case for illustrative purposes only.

ORDER - 5

an independent duty owed by the beneficiary to the applicant. *Id.* at 616. The Washington Supreme Court held that, because no underlying contract or an independent duty between the applicant and the beneficiary existed, the applicant's breach of contract claims were displaced by the Article 5 warranty, and the Article 5 statute of limitations applied to the applicant's common law claims. *Id.* at 616–17. Similarly, the *Alhadeff* court concluded that the applicant's promissory estoppel and negligence claims failed because there was no independent basis for these claims outside of the Article 5 warranty. *Id.* at 618.

The Court agrees with AMPT that the Article 5 statute of limitations is inapplicable to its claims against Esterbrook as alleged. Unlike the applicant's claims in *Alhadeff*, AMPT's proposed fraud claim against Esterbrook is predicated on the contract between the Port and AMPT. *See* Dkt. 329-1, ¶¶ 83–94. And its proposed conversion claim is predicated on its possessory right or interest to the cash amount that was the subject of the letter of credit. *See id.* ¶¶ 76–82. Further, the Court notes that AMPT is not seeking to enforce a right or obligation arising under the letter of credit against Esterbrook.

The Court thus concludes that AMPT's proposed claims are not displaced by Article 5 and are not subject to Article 5's statute of limitations. The Court now turns to the Port's remaining futility arguments.

    **2.**    **Fraud Claim**

The Port, in the alternative, argues that AMPT's proposed fraud claim against Esterbrook is futile because it is not supported by plausible factual allegations or pled with specificity. Essentially, the Port argues that AMPT's proposed claim does not meet

Rule 9's pleading standards. The Court recognizes the issue likely needs to be resolved but believes this issue is better suited for a fully-briefed dispositive motion. At this time, the Court is unable to conclude that AMPT's proposed fraud claim is futile. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

### 3. Conversion

The Port additionally argues that AMPT's proposed conversion claim against Esterbrook is futile because it is barred by the independent duty doctrine and is inadequately alleged.

The independent duty doctrine dictates a party is limited to contract remedies even if an underlying tort is present. "An injury is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of the contract. The court determines whether there is an independent tort duty of care . . . . When no independent tort duty exists, tort does not provide a remedy." *Eastwood v. Horse Harbor Foundation, Inc.*, 170 Wn.2d 380, 389 (2010) (internal citations omitted). AMPT argues that the independent duty doctrine does not bar its conversion claim against Esterbrook because the doctrine does not apply absent a contract and there was no contract between APMT and Esterbrook. Dkt. 331 at 6.

APMT's proposed conversion claim against Esterbrook alleges that Esterbrook is personally liable for conversion because he performed the act of conversion and he acted for himself even if the acts were performed for the benefit of his principal, i.e., the Port. It does not appear that the independent duty doctrine is applicable here because APMT seeks to hold Esterbrook liable in his personal capacity. But the Court declines to reach a

final ruling on the issue, and the Port may present the legal basis for the applicability of the independent duty doctrine in a fully-briefed motion following amendment. Similarly, the Court declines to conclude that AMPT's conversion claim is futile because it is inadequately alleged. This issue is also better suited for full briefing.

Therefore, the Court concludes that AMPT's proposed amendment would not be futile. The Port did not respond to AMPT's other Rule 15 arguments (i.e., bad faith, undue delay, prejudice to the opposing party, and whether AMPT has previously amended its complaint), and the Court construes this failure to respond to arguments on the merits as concession of the arguments. *See Ramierz v. Ghilotti Bros. Inc.*, 942 F. Supp. 2d 1197, 1210 n.7 (N.D. Cal. 2013) (collecting cases holding the same). AMPT's proposed amendment to its counterclaim in adding Esterbrook as a party thus satisfies Rule 15.

**B.   Rule 20**

Having concluded that AMPT's proposed amendment would satisfy Rule 15, the Court now turns to the requirements of Rule 20. Persons may be joined in one action as defendants if: "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The Port did not respond to AMPT's Rule 20 arguments, and the Court agrees with AMPT that amendment satisfies Rule 20. AMPT's claims against Esterbrook arise out of the same transaction or occurrence as those alleged in AMPT's counterclaims

against the Port because all the claims involve the Port and Esterbrook's drawing on the letter of credit. Moreover, there are both common questions of law and fact. The facts AMPT alleges against the Port are the same that AMPT alleges in its proposed amendment against Esterbrook, and AMPT seeks to bring claims for both fraud and conversion against the Port and Esterbrook.

AMPT's proposed amendment satisfies both Rule 15 and Rule 20. Amendment is therefore proper, and AMPT's motion to amend its counterclaim and to join Esterbrook as a party is GRANTED.

### III. ORDER

Therefore, it is hereby **ORDERED** that Counterclaim Plaintiff AMPT's motion for leave to amend, Dkt. 329, is **GRANTED**. AMPT may file its amended Answer to Crossclaim and Counterclaim against Port of Tacoma no later than **July 6, 2021**.

Dated this 22nd day of June, 2021.

BENJAMIN H. SETTLE
United States District Judge