|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| PUGET SOUNDKEEPER ALLIANCE,<br><br>   Plaintiff,<br><br>   v.<br><br>SSA TERMINALS LLC, et al.<br><br>   Defendants. | CASE NO. C17-5016 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF RULE 54(B) JUDGMENT | |

This matter comes before the Court on Defendant Port of Tacoma's motion for entry of Rule 54(b) judgment. Dkt. 320. The Court has considered the briefings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I.   FACTUAL & PROCEDURAL BACKGROUND

This case is a citizen suit brought under Section 505 of the Clean Water Act as amended, 33 U.S.C. § 1365. Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") originally brought suit against APM Terminals Tacoma LLC ("APMT") in January 2017. Dkt. 1. At that time, APMT was the Port's tenant and operator of the Terminal at issue. Dkt. 254, ¶ 2. APMT terminated its lease with the Port on October 2, 2017. *Id.* That same

ORDER - 1

month, Defendants SSA Terminals (Tacoma), LLC and SSA Terminals, LLC (collectively "SSA") leased the Terminal from the Port. *Id.*

In November 2017, Soundkeeper amended its compliant to add the Port as a Defendant, alleging that the Port was liable for violations of APMT's Industrial Stormwater General Permit ("ISGP") prior to October 2, 2017 and for the Port's ISGP after October 2, 2017. Dkt. 75. Soundkeeper then filed a Third Amended Complaint in June 2018 adding SSA Marine, Inc. and SSA Terminals as Defendants. Dkt. 109. The Port asserted crossclaims against APMT in its answer to the Third Amended Complaint. Dkt. 126.

Soundkeeper settled its claims against APMT in February 2019 via a consent decree. Dkt. 224. The Consent Decree settled Soundkeeper's claims against APMT, and Soundkeeper agreed to dismiss all of its claims for penalties against the Port for violations occurring prior to October 2017 with prejudice. *Id.* at 4.

The Court subsequently granted SSA Marine and SSA Terminals' motion to dismiss, agreeing that Soundkeeper's 60-day notice letter was defective as it was sent prior to SSA's October 2017 tenancy. Dkt. 217. In June 2019, the Court granted Soundkeeper's motion for leave to amend, Dkt. 253, and Soundkeeper filed its Fourth Amended Complaint, dropping APMT and SSA Marine, Inc. as parties and adding SSA Terminals (Tacoma), Dkt. 254. In its answer to the Fourth Amended Complaint, the Port asserted amended crossclaims against APMT for, *inter alia*, breach of contract. Dkt. 260. APMT has also asserted counterclaims against the Port and Don Esterbrook, the Port's

1  Deputy Chief Executive Officer, for the Port's allegedly wrongful draw on a letter of
2  credit. Dkt. 335.
3        The Port then moved for partial summary judgment as to Soundkeeper's claims
4  arising from stormwater discharges from the Wharf. Dkt. 176. Soundkeeper then filed a
5  motion for partial summary judgment, Dkt. 196, and in response the Port filed a cross-
6  motion for summary judgment to dismiss Soundkeeper's claim against it in its entirety,
7  Dkt. 210. After extensive briefing from the parties and amici, the Court granted the Port's
8  motions, dismissed all of Soundkeeper's claims against the Port with prejudice, and
9  terminated the Port as a defendant. Dkts. 304, 305.
10       SSA then moved for summary judgment, arguing that under the Court's Orders
11 granting the Port's motions for summary judgment, Soundkeeper could not maintain its
12 claims against them. Dkt. 317. The Port joined SSA in their motion. Dkt. 321. The Court
13 granted SSA's motion, dismissed all of Soundkeeper's claims against SSA with
14 prejudice, and terminated SSA as defendants. Dkt. 355. The only remaining claims in this
15 case are the crossclaims and counterclaims between APMT and the Port.
16       In the interest of judicial economy, the Port moved for an entry of Rule 54(b)
17 judgment while SSA's motion for summary judgment was pending before the Court. Dkt.
18 320. The Port argues that, "given the Court's termination of the claims against the Port, a
19 ruling in favor of SSA would satisfy the standard for a final judgment pursuant to Federal
20 Rule of Civil Procedure 54(b)." *Id.* at 2. Soundkeeper opposes the motion, arguing that
21 entering judgment now will result in premature and piecemeal litigation. Dkt. 325.
22

## II.  DISCUSSION

"When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). An order of dismissal with prejudice is a final order. *Wakefield v. Thompson*, 177 F.3d 1160, 1162 (9th Cir. 1999). The determination of whether "there is any just reason for delay . . . is left to the sound judicial discretion of the district court." *Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 8 (1980).

"A district court must first determine that it is dealing with a 'final judgment.'" *Id.* at 7. The Court agrees with the Port that its Orders granting the Port's motions for summary judgment, Dkts. 304, 305, and granting SSA's motion for summary judgment, Dkt. 355, are final judgments on Soundkeeper's claims. The Orders decided that Soundkeeper does not have cognizable claims for relief against the Port and SSA, and the Orders are final in that they are the ultimate disposition of all claims against the Port and SSA. *See Curtiss-Wright*, 446 U.S. at 7. These Orders may be certified under Rule 54(b).

After finding finality, a court must then determine whether there is any just reason for delay. *Id.* at 8. Soundkeeper first argues that the Port's motion should be denied because the Port is the prevailing party and would not be seeking an appeal. Dkt. 325 at 3–5. It argues that it will suffer prejudice if it is forced to appeal "prematurely." *Id.* at 5. Rule 54(b) does not distinguish between plaintiffs and defendants or prevailing and losing parties. While one purpose of Rule 54(b) may be to benefit the losing party, the Rule does not explicitly limit a motion for judgment to losing parties. *See Patriot Mfg.*

ORDER - 4

*LLC v. Hartwig, Inc.*, 2014 WL 4538059 (D. Kan. Sept. 11, 2014). Rather, the Rule allows for an entry of final judgment if there is no just reason for delay. The Court concludes that there is no just reason.

All of Soundkeeper's claims against the Port and SSA have been dismissed. Soundkeeper's arguments that it still has active claims against SSA and that it needs to conduct further discovery are moot. The only remaining claims in this case are between the Port and APMT, and the resolution of those claims has no bearing on Soundkeeper's Clean Water Act claims against the Port and SSA. The Court does not agree with Soundkeeper that the Port's and APMT's crossclaims arising out of the breach of contract are sufficiently related to its claims. While there are some partially overlapping facts between the Port's and APMT's crossclaims and Soundkeeper's claims against the Port and SSA, the Court is not foreclosed from entering a Rule 54(b) judgment. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 575 (9th Cir. 2018). As the Port highlights, a final resolution of the claims between the Port and APMT will primarily center on the Court's interpretation of the lease and the letter of credit. Dkt. 326 at 5. This is factually distinct from the Clean Water Act claims Soundkeeper asserted against the Port and SSA. Entering judgment now before a resolution of the Port's and APMT's claims would not result in piecemeal litigation.

Soundkeeper's remaining arguments, such as that an appeal could preclude a global resolution, are immaterial. In essence, Soundkeeper argues it would be prejudiced because it does not want to appeal the Court's Orders now and wants to continue to litigate this case. But the Court has dismissed all of Soundkeeper's claims, and

Soundkeeper has not made a legitimate showing of prejudice. There is no just reason for delay of an entry of final judgment.

### III.  ORDER

Therefore, it is hereby **ORDERED** that the Port's motion for entry of judgment, Dkt. 320, is **GRANTED**.

The Clerk shall enter a JUDGMENT in favor of the Port and SSA.

Dated this 16th day of September, 2021.

BENJAMIN H. SETTLE
United States District Judge