UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>    Plaintiff,<br><br>  v.<br><br>APM TERMINALS TACOMA LLC, et al.,<br><br>    Defendants. | CASE NO. C17-5016 BHS<br><br>ORDER ON DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES |
| PORT OF TACOMA,<br><br>    Crossclaim Plaintiff/<br>    Counterclaim Defendant,<br><br>  v.<br><br>APM TERMINALS TACOMA LLC,<br><br>    Crossclaim Defendant/<br>    Counterclaim Plaintiff,<br><br>  v.<br><br>DON ESTERBROOK,<br><br>    Counterclaim Defendant. | |

ORDER - 1

1    This matter comes before the Court on Defendants SSA Terminals (Tacoma),
2 LLC, SSA Terminals, LLC, and SSA Marine, Inc.'s motion for an award of attorney fees
3 and costs, Dkt. 359, and Defendant Port of Tacoma's ("the Port") motion for award of
4 attorney fees, Dkt. 361. The Court has considered the briefings filed in support of and in
5 opposition to the motions and the remainder of the file and hereby rules as follows.

## I. FACTUAL & PROCEDURAL BACKGROUND

7    This case is a citizen suit brought under Section 505 of the Clean Water Act as
8 amended, 33 U.S.C. § 1365. Plaintiff Puget Soundkeeper Alliance ("Soundkeeper")
9 originally brought suit against APM Terminals Tacoma LLC ("APMT") in January 2017.
10 Dkt. 1. At that time, APMT was the Port's tenant and operator of the Terminal at issue.
11 Dkt. 254, ¶ 2. APMT terminated its lease with the Port on October 2, 2017. *Id.* That same
12 month, Defendants SSA Terminals (Tacoma), LLC ("SSATT") and SSA Terminals, LLC
13 ("SSAT") leased the Terminal from the Port. *Id.*

14    In November 2017, Soundkeeper amended its compliant to add the Port as a
15 Defendant, alleging that the Port was liable for violations of APMT's Industrial
16 Stormwater General Permit ("ISGP") prior to October 2, 2017 and for violations of the
17 Port's ISGP after October 2, 2017. Dkt. 75. Soundkeeper then filed a Third Amended
18 Complaint in June 2018 adding SSA Marine, Inc. ("SSAM") and SSAT as Defendants.
19 Dkt. 109. SSAM and SSAT moved to dismiss the complaint, arguing in part that
20 Soundkeeper failed to give adequate notice in its 60-day notice letter. Dkt. 136. The
21 Court granted the motion and agreed that Soundkeeper's 60-day notice letter was
22 defective as it was sent prior to SSA's October 2017 tenancy. Dkt. 217. SSAM and SSAT

moved to recover attorney fees and costs associated with their motion to dismiss, Dkt. 225, and the Court denied the motion without prejudice as premature because final judgment had not yet been entered, Dkt. 253.

In June 2019, the Court granted Soundkeeper's motion for leave to amend, Dkt. 253, and Soundkeeper filed its Fourth Amended Complaint, dropping APMT[1] and SSAM as parties and adding SSATT, Dkt. 254. The Port moved for partial summary judgment as to Soundkeeper's claims arising from stormwater discharges from the Wharf. Dkt. 176. Soundkeeper then filed a motion for partial summary judgment, Dkt. 196, and in response the Port filed a cross-motion for summary judgment to dismiss Soundkeeper's claim against it in its entirety, Dkt. 210. After extensive briefing from the parties and amici, the Court granted the Port's motions, dismissed all of Soundkeeper's claims against the Port with prejudice, and terminated the Port as a defendant. Dkts. 304, 305.

SSAT and SSATT then moved for summary judgment, arguing that under the Court's Orders granting the Port's motions for summary judgment, Soundkeeper could not maintain its claims against them. Dkt. 317. The Port joined the motion. Dkt. 321. The Court granted SSAT and SSATT's motion, dismissed all of Soundkeeper's claims against them with prejudice, and terminated SSAT and SSATT as defendants.[2] Dkt. 355. In the interest of judicial economy, the Port moved for an entry of Rule 54(b) judgment while

---

[1] Soundkeeper settled its claims against APMT in February 2019 via a consent decree. Dkt. 224. The Consent Decree settled Soundkeeper's claims against APMT, and Soundkeeper agreed to dismiss all of its claims for penalties against the Port for violations occurring prior to October 2017 with prejudice. *Id.* at 4.

[2] The only remaining claims in this case are the crossclaims and counterclaims between APMT, the Port, and Counterclaim Defendant Don Esterbrook.

the motion for summary judgment was pending before the Court. Dkt. 320. The Court granted the Port's motion and entered judgment in favor of the Port, SSAT, and SSATT. Dkts. 356, 357.

On September 29, 2021, SSAM, SSAT, and SSATT moved for attorney fees and costs related to SSAM and SSAT's first motion to dismiss and SSAT and SSATT's litigation prior to their motion for summary judgment. Dkt. 359. That same day, the Port moved for attorney fees related to SSATT's motion for summary judgment and its motion for entry of judgment under Rule 54(b). Dkt. 361. On October 12, 2021, Soundkeeper responded, opposing both motions. Dkt. 370. On October 15, 2021, SSAM, SSAT, and SSATT and the Port replied. Dkts. 374, 376.

## II.  DISCUSSION

The Clean Water Act gives the Court the discretion to award attorney fees and costs of litigation "to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d). An award of fees and costs is appropriate if the Court determines that the claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422; *see also Razore v. Tulalip Tribes of Wash.*, 66 F.3d 236, 240 (9th Cir. 1995) (adopting *Christiansburg* as the proper standard for attorney fees in Clean Water Act suits). The *Christiansburg* court cautioned, however, that in considering these criteria:

> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without

1
2
3

    foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success . . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

4   434 U.S. at 421–22.

5   **A.**     **SSAM, SSAT, & SSATT's Motion for Fees & Costs**

6         SSAM and SSAT renew their request for an award of attorney fees and costs

7 incurred before the Court granted their motion to dismiss. Dkt. 359 at 10–12. They argue

8 that, because Soundkeeper's initial 60-day notice letter was legally defective,

9 Soundkeeper's claims against them were manifestly unreasonable, lacked foundation, and

10 were legally frivolous. They seek a fee award of $168,441.00 and a cost award of

11 $1,137.49. *Id.* at 12; *see also* Dkt. 360, Ex. B.

12         Soundkeeper argues that SSAM and SSAT are not entitled to fees leading up to

13 their dismissal because temporary dismissal does not satisfy the prevailing party standard.

14 Dkt. 370 at 7. "A litigant qualifies as a prevailing party if it has obtained a 'court-ordered

15 change in the legal relationship between the plaintiff and the defendant.'" *St. John's*

16 *Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1058 (9th Cir.

17 2009) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human*

18 *Res.*, 532 U.S. 598, 604 (2001) (internal quotations omitted)). Soundkeeper argues that

19 the Court dismissed SSAM and SSAT without prejudice which did not alter the legal

20 relationship between the parties. The Ninth Circuit has held that "dismissal without

21 prejudice does not alter the legal relationship of the parties because the defendant remains

22

subject to the risk of re-filing." *Oscar v. Alaska Dep't of Educ. & Early Development*, 541 F.3d 978, 981 (9th Cir. 2008).

Indeed, the Court previously denied SSAM and SSAT's motion for attorneys' fees and costs as premature because final judgment had not been entered. Dkt. 253. But now judgment has been entered in favor of SSAT and SATT, Dkt. 357, and Soundkeeper dropped SSAM as a party when it filed its Fourth Amended Complaint, *see* Dkt. 254. As to SSAT (and SSATT), there has been a court-ordered change in the legal relationship between SSAT and Soundkeeper. But Soundkeeper, in effect, voluntarily dismissed SSAM as a party when it filed its Fourth Amended Complaint. Thus, the Court concludes for the purposes of this motion that SSAT is a prevailing party entitled to recover attorneys' fees under the Clean Water act but that SSAM is not.

SSAT argues that Soundkeeper's initial lawsuit against it was frivolous because the 60-day anticipatory letter was defective as a matter of law. Soundkeeper sent SSAT a 60-day "Notice of Intent to Sue" letter before SSAT assumed operations at the facility, and the Court concluded that the notice was insufficient under the Clean Water Act. *See* Dkt. 217 at 4–5. Moreover, the Court rejected Soundkeeper's position that such an anticipatory letter was sufficient as "untenable" because it failed "to cite any authority for such a proposition." *Id.* at 5. Soundkeeper now argues that this was a novel question before the Court and that its position was not frivolous or unreasonable. Dkt. 370 at 11.

While Soundkeeper now argues that the factual scenario was a matter of first impression and presented a novel question, the Court largely rejected its arguments when it granted the motion to dismiss. The Court agrees with SSAT that Soundkeeper's initial

filing before SSAT assumed tenancy and began operations at the Terminal was frivolous and that SSAT is entitled to an award of fees and costs. Thus, SSAT's motion for an award of attorney fees and costs is GRANTED. But because the Court has concluded that SSAM is not a prevailing party entitled to recover fees under the Clean Water Act, the requested amount shall be reduced by 50%.

SSAT and SSATT additionally request an award of attorney fees and costs for work incurred after the Court granted the Port's partial summary judgment motion on November 3, 2020 and its motion for summary judgment on November 17, 2020. Dkt. 359 at 12–13. SSAT and SSATT argue that Soundkeeper refused to dismiss its case after it became futile and that Soundkeeper propounded extensive discovery requests, resulting in them having to needlessly file a motion for summary judgment. They seek a fee award of $79,505.10 and a cost award of $1,040.80. *Id.* at 13; *see also* Dkt. 360, Ex. C.

As discussed above, SSAT and SSATT are prevailing parties because there has been an entry of judgment in their favor and because there has been a court-ordered change in the legal relationship between the defendants and Soundkeeper. However, the Court concludes that SSAT and SSATT are not entitled to fees and costs for the work incurred after the Court dismissed the Port.

Soundkeeper did not ultimately prevail, but that does not mean that it continued to litigate after it clearly became groundless to do so. The Court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, [its] action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421–22. SSAT and SSATT are correct that

there was overlap between Soundkeeper's scope of coverage claims against them and Soundkeeper's claims against the Port. *See* Dkt. 355 at 16–17. But the Court also had to consider whether SSAT and SSATT were in violation of water quality standards, *id.* at 10–14, and whether they were in violation of the 2015 permit condition requiring the application of all known and reasonable methods of prevention, control, and treatment ("AKART") to all stormwater discharges, *id.* at 14–16. These issues were not previously determined by the Court in dismissing the Port, and it was not frivolous for Soundkeeper to continue to litigate these claims. Therefore, SSAT and SSATT's motion for an award of attorney fees and costs is DENIED.

## B.   The Port's Motion for Fees

The Port seeks fees incurred by SSAT and SSATT in moving for summary judgment[3] and incurred by the Port in moving for Rule 54(b) judgment. Dkt. 361 at 7–10. The Port argues that Soundkeeper continued to litigate after it clearly became groundless to do so. It seeks a fee award of $42,630.00. *Id.* at 12–13; *see also* Dkt. 362-2.

The Port, like SSAT and SSATT, is a prevailing party entitled to fees. As discussed above, the Court concludes that it was not frivolous for Soundkeeper to continue to litigate after the Court's November 2020 Orders. However, it is a closer call whether it was frivolous for Soundkeeper to continue to litigate and oppose the Port's

---

[3] The Port's lease agreement with SSATT includes hold harmless language, which requires the Port to hold SSATT harmless and pay SSATT's reasonable attorneys' fees and costs incurred if a third-party filed suit for certain violations of the Clean Water Act. *See* Dkt. 362-1. This lease provision was triggered, and the Port has reimbursed SSATT for its costs in defending Soundkeeper's lawsuit. Dkt. 362, ¶ 3.

motion for entry of Rule 54(b) judgment. The Port clearly stated that its motion for judgment was contingent upon the Court granting SSAT and SSATT's motion for summary judgment and that it brought the motion in the interest of judicial economy. *See* Dkt. 320 at 2 ("The Port brings this Rule 54(b) motion now, rather than waiting until after the Court has ruled upon SSA's motion, in the interests of judicial economy and in order to allow the Court to consider this Rule 54(b) motion along with consideration of SSA's motion for summary judgment."). Yet Soundkeeper opposed the motion, arguing that it was premature. Dkt. 325.

Soundkeeper now argues that its opposition was reasonable because of the motion's unusual procedural posture and because the motion was brought by the prevailing party. Dkt. 370 at 23–24. It additionally asserts that there was factual overlap between the crossclaims between APMT and the Port and that the pending PCHB appeal of the 2020 permit precluded an entry of judgment. *Id.* The Court rejected these arguments and concluded that there was no just reason for a delay of entry of final judgment. Dkt. 356.

"A case may be deemed frivolous only when the result is obvious or the . . . arguments of error are wholly without merit." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal quotation omitted). It cannot be said that the result was obvious when the Port filed its motion for entry of Rule 54(b) judgment. While the motion was brought in the interest of judicial economy, it was not clear or obvious that the Court would grant the motion at the outset because SSAT and SSATT's motion for summary judgment was still pending. Soundkeeper's opposition to the motion, given the

timing, was not wholly frivolous. The Court rejected Soundkeeper's arguments, and many of its arguments were tenuous, but the Court concludes here that it was not clearly groundless for Soundkeeper at the time to oppose the motion for entry of judgment. The Port's motion for attorney fees is therefore DENIED.

### III.  ORDER

Therefore, it is hereby **ORDERED** that SSAM, SSAT, and SSATT's motion for an award of attorney fees and costs, Dkt. 359, is **GRANTED in part** and **DENIED in part** and that the Port's motion for attorneys' fees, Dkt. 361, is **DENIED**.

SSAT is entitled to a fee award of $84,220.50 and a cost award of $568.75. The judgment is **STAYED** pending resolution of Soundkeeper's appeal.

Dated this 20th day of December, 2021.

BENJAMIN H. SETTLE
United States District Judge