UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>  Plaintiff,<br><br>  v.<br><br>PORT OF TACOMA; SSA TERMINALS LLC; and SSA TERMINALS (TACOMA) LLC,<br><br>  Defendant. | CASE NO. 3:17-cv-5016 BHS<br><br>ORDER |

This matter is before the Court on defendants Port of Tacoma, SSA Terminals LLC and SSA Terminals (Tacoma) LLC's motion to stay, Dkt. 426. In the interest of brevity, the Court will not repeat the factual background of this dispute but instead incorporates by reference its overview in its Order granting summary judgment, Dkt. 304.

Defendants filed a petition for certiorari from the Ninth Circuit's decision in this case. *See* Dkt. 426 at 1. They seek review of whether the Clean Water Act (CWA) Section 505 authorizes citizen plaintiffs to enforce conditions of state-issued pollutant-discharge permits that mandate a scope of coverage greater than that required by the CWA. Defendants contend that this is a threshold issue that could eliminate the need for

ORDER - 1

this Court to resolve Puget Soundkeeper Alliance (Soundkeeper)'s claims regarding stormwater discharges. They argue that if the Supreme Court rules in their favor, it will result in outright dismissal. Accordingly, defendants seek an order that stays proceedings pending the Supreme Court's decision on their certiorari petition in January 2025.

Soundkeeper opposes a stay. Dkt. 428. It argues that Defendants' petition will not affect its claims related to the wharf because "Defendants already conceded that, if Ecology regulates the Wharf pursuant to its 'residual designation authority' under 33 U.S.C. § 1342(p)(2)(E), such regulation is within the 'scope' of the federal Clean Water Act and therefore enforceable in this suit." *Id*. at 3. It argues the petition also cannot impact its other water quality standards violation claims, and that a stay will only unnecessarily delay the outcome of the case. It also argues that it will suffer prejudice if it is not able to conduct discovery during the "current rainy season" to advance its claims. *Id.* at 7.

Courts apply a three-part test first to determine whether to grant a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Courts weigh the (1) possible damage which may result from the granting of the stay; (2) hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof and questions of law which could be expected to result from a stay. *Id*.

The factors weigh in favor of a stay here. Damage that may result from a stay (factor 1) for merely three months is minimal and manageable. Soundkeeper was able to wait three years between this Court's final judgment and the Ninth Circuit's decision on

appeal, and it will not have to wait long to see whether its prediction that Defendants' petition is "futile" comes true. *See Murguia v. Langdon*, No. 1:19-cv-00942-ADA-BAM, 2023 WL 6308325 (E.D. Cal. Sept. 28, 2023) ("After the nearly two-year delay between the district court's order and the issuance of the Ninth Circuit's mandate, a brief delay pending resolution of the petition for certiorari will not make a greater difference in witness' memories or the loss of evidence"). Furthermore, Defendants argue persuasively that SSA continues to manage and collect data on pollution at the port. Dkt. 430 at 2. Although the Court is sympathetic to the frustrations that a stay poses to discovery, those harms are vague and negligible on this record.

Conversely, proceeding with this case if the Supreme Court grants Defendants' petition could complicate the action and waste the parties' and judicial resources. Although the "hardship" to defendants would suffer in being required to go forward (factor 2) with discovery and motions practice is manageable, it is needless given the brevity of the requested stay.

The third factor – the orderly course of justice measured in terms of the simplifying or complicating of issues – similarly weighs in favor of a stay. Awaiting a determination on the petition will clarify the issues and questions of law for this litigation relative to citizen plaintiffs' powers under CWA section 505. Defendants argue persuasively that moving ahead with the "non-wharf" portion of PSA's claims against SSA while the "wharf" claims go to the Supreme Court, would effectively bifurcate the case. It is unnecessary at this juncture to determine whether Defendants are correct that 'residual designation authority' under 33 U.S.C. § 1342(p)(2)(E) is not fatal to their

petition. Dkt. 430 at 5. That question is not properly briefed and not determinative of whether a stay is warranted. The Court is satisfied that a stay until the parties hear about a ruling on Defendants' petition has the potential to clarify and streamline the issues in this case with minimal hardship.

## I.   ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to stay, Dkt. 426, is **GRANTED**. The parties are directed to notify the Court within ten days of the Supreme Court's decision on the petition for certiorari.

Dated this 15th day of November, 2024.

BENJAMIN H. SETTLE
United States District Judge