UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, | CASE NO. 3:17-cv-5016 BHS |
| Plaintiff, | ORDER |
| v. | |
| PORT OF TACOMA; SSA TERMINALS LLC; and SSA TERMINALS (TACOMA) LLC, | |
| Defendant. | |

This matter is before the Court on plaintiff Puget Soundkeeper Alliance (Soundkeeper)'s motion for an order directing defendants Port of Tacoma, SSA Terminals LLC and SSA Terminals (Tacoma) LLC to show cause for maintaining the stay in this case, Dkt. 434.

This case concerns enforcement of the Clean Water Act (CWA), with respect to stormwater discharges from the West Sitcum Terminal Wharf in Tacoma. In 2020 and 2021, this Court granted defendants' summary judgment motions and dismissed Soundkeeper's claims with prejudice. Dkts. 305, 355.

ORDER - 1

1    The Ninth Circuit affirmed in part and reversed in part, and defendants filed a
2 petition for certiorari in the Supreme Court. *See* Dkts. 407, 426. Specifically, defendants
3 sought review of whether Section 505 of the CWA authorizes citizen plaintiffs to enforce
4 conditions of state-issued pollutant-discharge permits that mandate a scope of coverage
5 greater than that required by the CWA. This Court granted defendants' motion for a stay
6 pending the Supreme Court's decision on the petition for certiorari. Dkt. 426. In June
7 2025, the Supreme Court denied the petition. Dkt. 442.

8    Throughout litigation, defendants have repeatedly averred that no vehicle
9 maintenance or equipment cleaning occurs on the wharf. Dkt. 434 at 6. They have relied
10 on this assertion to argue that the wharf is not subject to citizen suit enforcement. Dkt.
11 176 at 5, 12.

12    In January 2025, defendants admitted in a state discharge permit waiver request,
13 "The only cleaning and maintenance activities performed on the wharfs are for cleaning
14 and maintenance of electric ship-to-shore cranes and crane parts that cannot be removed
15 from the wharf for cleaning or repair." Dkt. 435-2 at 6. 8

16    Soundkeeper now seeks to lift the stay and asks for leave for discovery regarding
17 the cleaning and maintenance of cranes on the wharf. Dkts. 434, 440. It also seeks an
18 order from the Court correcting the record on defendants' equipment cleaning practices
19 on the wharf. Dkt. 440 at 5.

20    The power to stay proceedings, and the power to lift those stays, is within the
21 inherent discretion of the Court to control its own docket. *See Landis v. N. Am. Co.*, 299
22 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power

inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants."). There are three relevant interests a court must weigh in determining whether to stay proceedings: "(1) the possible damage that may result from the granting of a stay; (2) the hardship or inequity that a party may suffer in being required to go forward; and (3) the orderly cause of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected from a stay." *Com. W. Ins. Co. v. Allen*, 2019 WL 3530912, at *3 (W.D. Wash. 2019). "Indefinite stays are disfavored by courts." *Id.*

The Court hereby **LIFTS the stay** entered on November 15, 2024. Discovery is **GRANTED** in view of defendants' January 2025 admission that cranes are maintained and cleaned on the wharf. The Court **RESERVES RULING** on correcting the record pending discovery related to the cranes' cleaning and maintenance on the wharf.

The Court directs the parties to submit a Joint Status Report indicating the progress of discovery, proposed trial dates, and status of this case within 90 days of this Order.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2025.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3