HON. BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>Plaintiff,<br>v.<br><br>PORT OF TACOMA; SSA TERMINALS LLC; and SSA TERMINALS (TACOMA), LLC,<br><br>Defendants. | No. 3:17-cv-5016-BHS<br><br>CONSENT DECREE |

## I. STIPULATIONS

WHEREAS, Plaintiff Puget Soundkeeper Alliance filed a complaint on January 9, 2017 (Dkt. 1), a first amended complaint on February 21, 2017 (Dkt. 11), a second amended complaint on November 28, 2017 (Dkt. 75), a third amended complaint on June 13, 2018 (Dkt. 109), and a fourth amended complaint on June 5, 2019 (Dkt 254) against Defendants APM Terminals Tacoma, LLC (dismissed), SSA Marine, Inc. (dismissed), Port of Tacoma (the "Port"), SSA Terminals, LLC ("SSAT"), and SSA Terminals (Tacoma), LLC ("SSATT") alleging violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq*., relating to discharges of pollutants from the marine container



SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

terminal located at or about 1675 Lincoln Avenue, Tacoma, WA 98241 (the "Facility"), including the Facility's 12.6-acre wharf used to load and unload container vessels (the "Wharf"), to the West Sitcum Waterway and Commencement Bay, and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

WHEREAS, Puget Soundkeeper Alliance, the Port, SSAT, SSATT (together, "the Parties") and the Northwest Seaport Alliance ("NWSA") as agent/licensee for the Port of Tacoma and Lessor to SSATT at the Facility, agree that settlement of these matters is in the best interest of the Parties, NWSA, and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

WHEREAS, SSATT is the current permit holder under Washington's Industrial Stormwater General Permit (the "ISGP") for the Facility (Permit No. WAR305772), and the Port of Tacoma does not hold ISGP coverage and is not the ISGP permittee for the Facility.

WHEREAS, the Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Puget Soundkeeper Alliance's claims or allegations set forth in its complaints and its 60-day notice letters or Defendants' affirmative defenses.

DATED this 2nd day of June 2026.



SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

PORT OF TACOMA

DocuSigned by: Eric Johnson
807BC40E35C7407...

By ____________________
Eric Johnson
Executive Director

SSA TERMINALS, LLC

Signed by: Nicolas Gauthier
4AF4624F50EE488...

By ____________________
Nicolas Gauthier
President, Global Container Division

SSA Terminals (Tacoma), LLC

DocuSigned by: Matthew K. McCardell
DA70542E2820420...

By ____________________
Matthew McCardell
Vice president, General Counsel & Secretary

PUGET SOUNDKEEPER ALLIANCE

By ____________________
Sean Dixon
Executive Director

## II. ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the Parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the Parties and subject matter of this action.

2. Each signatory for the Parties certifies for that party that they are authorized to enter into the agreement set forth herein and to legally bind the Party or Parties, and the corporate successors and assigns of the Parties.

3. This Consent Decree applies to and binds the Parties and any successors and assigns.

4. This Consent Decree and any injunctive relief ordered within applies to the Facility.



SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

5. This Consent Decree is effective on the date it is signed and entered by the Court (the "Effective Date").

6. This Consent Decree is a full and complete settlement, covenant not to sue, and release of all "Released Claims" against the "Released Parties" as defined herein. Released Claims include all claims in the multiple iterations of Puget Soundkeeper Alliance's complaints and the related 60-day notices and all other claims known or unknown, contingent or otherwise, suspected or unsuspected, for any acts or omissions, pled or unpled, past, present, or future, existing as of the date of entry of the Consent Decree or arising thereafter from operation of the Facility (including, without limitation, operation, maintenance, management, environmental compliance, permitting, or oversight of the Facility) during the term of this Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251–1387. Released Claims also include any state or common law claims arising from the same or substantially similar facts. Released Parties are defined as (1) the Port and NWSA and each of their respective officers, directors, officials, affiliates, employees, or agents; and (2) SSA Marine, Inc., SSAT, and SSATT and each of their respective officers, directors, employees, agents, parents, affiliates, subsidiaries, employees, agents, successors, or assigns (collectively, the "Released Parties"). Puget Soundkeeper Alliance further agrees not to sue or provide any assistance, encouragement, funding, technical support, legal support, expert assistance, evidence, testimony, or other material aid to any person or entity seeking to bring or pursue claims against any of the Released Parties of the type described in this Paragraph 6. Notwithstanding the foregoing, nothing in this Paragraph 6 prohibit Puget Soundkeeper Alliance from making public statements regarding this



SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

litigation, this Consent Decree, or the Released Parties, including to the press, advocacy organizations, or the general public. All claims covered by this Paragraph 6 are released and dismissed with prejudice, and this release will survive termination of the Consent Decree. Payment of attorney's fees and litigation costs set forth in Paragraph 11 of the Consent Decree will be in full and complete satisfaction of any claims Puget Soundkeeper Alliance and its counsel, including Smith & Lowney, PLLC, have or may have, either legal or equitable, known or unknown, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation or related matters (including any appeals or administrative proceedings) and for any civil penalties under the Clean Water Act or payments in lieu of penalties. Enforcement of this Consent Decree is Puget Soundkeeper Alliance's exclusive remedy for any violation of its terms.

7. The Parties agree that any payments or purchases required to be made by the Port of Tacoma under this Consent Decree may be satisfied or performed by its agent, NWSA.

8. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Puget Soundkeeper Alliance in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of the Port, NWSA, SSAT, SSATT, or their contractors or other third parties. The Port, SSAT, and SSATT agree to the terms and conditions identified below in Paragraphs 9–11 in full and complete satisfaction of all the claims covered by this Consent Decree. Nothing herein may be construed or alleged to be any agreement, stipulation, or admission by the Port, NWSA, SSAT, or SSATT that any term of this Consent Decree or the implementation or performance of any of the



SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

obligations under this Consent Decree constitutes AKART or any industry standard or act compelled by the terms of the ISGP or the Clean Water Act. The Parties agree that the terms of this Consent Decree apply only to the settlement of the Litigation.:

9. Upon final entry of the Consent Decree, SSATT will implement the following injunctive relief. The Port's obligations under this paragraph 9 and subparagraphs are limited to paragraph 9(g) only. The injunctive measures set forth in subparagraphs 9(a) through 9(f) are SSATT's obligations and do not create obligations enforceable against the Port:

a. SSATT will update its Stormwater Pollution Prevention Plan ("SWPPP") for the Facility to:

i. Identify the discharge points on the Facility's Wharf on the site map;

ii. Include the Wharf sampling point in the sampling plan;

iii. Provide for collecting additional samples from the Wharf sampling point during quarters where the first sample from the Wharf sampling point exceeds any ISGP benchmark.

iv. Include applicable vehicle maintenance and repair best management practices in accordance with the ISGP and the current Stormwater Management Manual for Western Washington; and

v. Include the best management practices described in Subparagraphs b. through e. of this Paragraph 9.

b. SSATT will vacuum sweep all paved surfaces of the Wharf at least two times per month with existing standard sweeping equipment.



SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

c. SSATT will replace brake pads with low-copper brake pads on all SSATT-owned vehicles (including cars, trucks, and other similarly sized, non-heavy equipment vehicles) that access the Wharf by June 30, 2026, or 30 days after the Effective Date, whichever is later.

d. SSATT will not stage chassis on the Wharf for longer than 48 hours and will not store chassis on the Wharf.

e. At least once per quarter, SSATT will wash the tires and wheels of all SSATT-owned vehicles (including cars, trucks, and other similarly sized, non-heavy equipment vehicles) that access the Wharf. SSATT may use the Facility's existing wash rack for this purpose.

f. SSATT will, on a quarterly basis, electronically forward to the Puget Soundkeeper Alliance copies of all communications and documents provided to and/or received from the Department of Ecology related to the Wharf's compliance with the ISGP.

g. The Port and SSATT will collectively pay $30,000 to Puget Soundkeeper Alliance to cover Puget Soundkeeper Alliance's costs, including experts' and attorneys' fees, of monitoring the Port's compliance with the Consent Decree and SSAT/SSATT's compliance with the Consent Decree. The Port's share of this commitment is $15,000 and SSAT/SSATT's share is $15,000. This payment will be made on the same schedule and in the same manner set forth in Paragraph 11.

10. Payments for Environmentally Beneficial Projects.

Subject to paragraph 7:



SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

a. Within two business days after the 30th day of entry of this Consent Decree, provided there has been no appeal of the Consent Decree, the Port will pay $500,000 to the Washington Stormwater Center ("WSC") as follows, and as further described in **<u>Exhibit 1</u>** to this Consent Decree:

i. $150,000 will be used to support the WSC's continuing work on studies and analysis of effective vacuum sweeping practices and/or development of educational materials on these practices.

ii. $350,000 will be to support the WSC's continuing work on studies, educational programming, or projects to benefit water quality including in the Commencement Bay and White-Puyallup watersheds.

The check will be made to the order of Washington Stormwater Center and delivered to: WSU Foundation, ATTN: Gift Accounting, PO Box 641927, Pullman, WA 99164-1927. Payment will include the following reference in a cover letter or on the check: "Consent Decree, Puget Soundkeeper Alliance v. Port of Tacoma et al., W.D. Wash. No. 3:17-cv-5016." Port of Tacoma will send a copy of the check and cover letter, if any, to Puget Soundkeeper Alliance and its counsel, pursuant to the notice provisions in Paragraph 23.

b. Within two business days after the 30th day of entry of this Consent Decree, provided there has been no appeal, the Port will submit a purchase order for a Triverus Mobile Cleaning Recovery Vehicle ("Triverus Vehicle") and, within 30 days of delivery of the Triverus Vehicle, will make the Triverus Vehicle available for use. The Parties further recognize that the



SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

purchase and use of a Triverus Vehicle is not being done pursuant to or to comply with any requirement of the ISGP, including AKART, for the Facility. The parties recognize the value of this commitment as approximately $1,000,000. Defendants must maintain, operate, and train employees to properly use the Triverus Vehicle as a secondary response to spills and leaks of pollutants on paved surfaces at the Wharf. The Parties recognize the value of this commitment as approximately $300,000. The Triverus Vehicle may, but is not required to, be used at other facilities. The Port or its agent will make the Triverus Vehicle available to SSATT for use at the West Sitcum Terminal within 10 days of a written request for access, with the specific terms of such access to be separately arranged.

11. Within two business days after the 30th day of entry of this Consent Decree by the Court, provided there has been no appeal, the Port will pay $2,100,000 to Puget Soundkeeper Alliance to cover its asserted litigation fees, expenses, and costs (including attorneys' fees, expert witness fees, and costs incurred) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Alyssa Koepfgen.

12. In addition, the Port and SSATT will pay 50% and Puget Soundkeeper Alliance will pay 50% of the amount owed to Kazmarek Mowrey Cloud Laseter LLP for all mediation services provided to the parties between October 2, 2025, and the entry of this Consent Decree that exceed the Retainer Deposit.

13. Upon entry of the Consent Decree, Puget Soundkeeper Alliance will withdraw any outstanding public records requests it made to the Port or the NWSA in conjunction with the Litigation. Puget Soundkeeper Alliance will not make public records requests to the Port or



SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

NWSA related to the Facility and the issues in this litigation during the term of the Consent Decree.

14. The Parties will make a good faith effort to agree on the language of a joint press release concerning the settlement of this litigation and the Consent Decree.

15. A force majeure event is any event outside the reasonable control of a party that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that the party or parties asserting a force majeure event occurred timely notifies the other Parties of the event, the steps that the Party will take to perform the task, the projected time that will be needed to complete the task, and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

16. The Party or Parties asserting a force majeure event occurred will notify the other parties of the occurrence of a force majeure event as soon as reasonably possible after becoming aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

a. Acts of God, war, insurrection, terrorism, or civil disturbance;

b. Earthquakes, landslides, fire, floods;

c. Actions or inactions of third parties over which the Port, SSAT, or SSATT have no control;



SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

d. Pandemics;

e. Restraint by court order or order of public authority;

f. Strikes; and

g. Cyber-attacks and criminal actions.

17. This Court retains jurisdiction over this matter, while this Consent Decree remains in force. While this Consent Decree remains in force, this case may be reopened without filing fees so that the Parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the Parties must first attempt in good faith to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting will be held as soon as practical but must be held within 30 days after notice of a request for such a meeting to the other Parties and their counsel of record. The parties may, but need not, also seek by mutual agreement to resolve the dispute through mediation with Richard Horder. If no resolution is reached at that meeting or within 30 days of the Notice, any Party may file a motion with this Court to resolve the dispute. The prevailing or substantially prevailing Party, as determined by the Court, may apply to the Court to recover its reasonable costs of litigation (including reasonable attorneys' fees and costs) incurred in any additional court proceedings necessary to enforce the terms and conditions of this Consent Decree.

18. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days



SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA"). Therefore, upon the filing of this Consent Decree by the Parties, Puget Soundkeeper Alliance will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

19. This Consent Decree will take effect upon entry by this Court. The Consent Decree terminates on January 1, 2030.

20. All Parties have participated in drafting this Consent Decree.

21. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only upon a writing signed by all Parties and the approval of the Court. The Parties acknowledge that: (a) SSATT is the sole ISGP permit holder for the Facility; (b) nothing in this Consent Decree modifies or limits any rights or remedies under the lease between the Port and SSATT or otherwise; and (c) the Port's commitment to make the Triverus Vehicle available does not modify, limit, or otherwise affect SSATT's independent obligations to implement the ISGP, including its requirements for spill response, cleanup, and Best Management Practices.22. If for any reason the Court declines to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of any Party. The Parties agree to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

23. Notifications required by this Consent Decree must be in writing and sent by email. For a notice or other communication regarding this Consent Decree to be valid, it must be sent to the receiving Party at the one or more email addresses listed below or to any other address



SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

designated by the receiving Party in a notice in accordance with this Paragraph.

**If to Puget Soundkeeper Alliance:**

Kathryn Rizzo
Settlement Compliance
rizzok@pugetsoundkeeper.org
Compliance@PugetSoundkeeper.org

**And to**:

Alyssa Koepfgen
Claire Tonry
Smith & Lowney PLLC
alyssa@smithandlowney.com
claire@smithandlowney.com

**If to Port of Tacoma:**

Dana Henderson
General Counsel
The Northwest Seaport Alliance
dhenderson@nwseaportalliance.com

Heather Burgess
Contract General Counsel
Port of Tacoma
Dickson Frohlich Philips Burgess PLLC
hburgess@dfpblaw.com

**And to:**

Brad Doll
Foster Garvey PC
Brad.Doll@foster.com

**If to SSA Terminals, LLC and/or SSA Terminals (Tacoma), LLC:**

Candice M. Woods
Deputy General Counsel

SSA Marine, Inc.
1131 SW Klickitat Way
Seattle, WA 98134
206-654-3587 Office
Candice.woods@ssamarine.com

**And to:**
Dianne K. Conway
Bradley B. Jones
Gordon Thomas Honeywell, LLP
1201 Pacific Ave., Suite 2200
Tacoma, WA 98402
(253) 620-6500
dconway@gth-law.com
bjones@gth-law.com

Any party identified in the notice provisions above may affect a change in the notice address by providing a notice complying with these provisions to all other parties listed. A notice or other communication regarding this Consent Decree will be effective the day it is transmitted. An email is effective the day it is sent so long as it is sent by 5 pm on a business day, or else it is effective the following business day.

DATED this 24th day of July, 2026.

BENJAMIN H. SETTLE
United States District Judge

Presented by:

SMITH & LOWNEY, PLLC

By <u>*/s/Alyssa Koepfgen*</u>
Alyssa Koepfgen, WSBA #46773
Claire Tonry, WSBA #44497
*Attorneys for Plaintiff Puget Soundkeeper Alliance*

FOSTER GARVEY PC

By <u>*/s/Bradford Doll*</u>
Bradford Doll, WSBA #38479
Lynne M. Cohee, WSBA #18496
Kelly Mennemeier, WSBA #51838
Noah Mikell, WSBA #58960
*Attorneys for Defendant Port of Tacoma*

GORDON THOMAS HONEYWELL LLP

By <u>*/s/Bradley B. Jones*</u>
Bradley B. Jones, WSBA #17197
Dianne K. Conway, WSBA #28542
*Attorneys for Defendants SSA Terminals, LLC and SSA Terminals (Tacoma), LLC*